No. 24-2198

# United States Court of Appeals
# For the Eighth Circuit

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,

v.

**ROBERT J. BEAN,**
Defendant-Appellant.

Appeal from the United States District Court Western District of Missouri
Court No. 2:22-CR-04063-RK

**APPELLANT'S OPENING BRIEF**
**ANDERS BRIEF**
Pursuant to *Anders v. California*, 386 U.S. 738 (1967)

—————

JEFFREY L. HILBRENNER
Harper, Evans, Hilbrenner & Netemeyer
401 Locust Street, Suite 401
Columbia, Missouri 65201
(573) 442-1660
jhilbrenner@lawmissouri.com
COUNSEL FOR APPELLANT

# SUMMARY AND WAIVER OF ORAL ARGUMENT

On November 30, 2023, Mr. Bean pleaded guilty to one count of conspiracy to distribute fentanyl, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The plea agreement submitted pursuant to Fed. R. Crim. P. 11(c)(1)(C), recommended a sentence of 180 to 360 months' imprisonment. The parties agreed that if the District Court accepted the agreement and imposed a sentence of 180 to 360 months, the government would move to dismiss three counts (possession with intent to distribute fentanyl, felon in possession of a firearm, and possession of an unregistered firearm). On May 22, 2024, the district court accepted the plea agreement and sentenced Mr. Bean to 270 months' imprisonment, with an additional four years of supervised release.

Appellant contends that the District Court abused its discretion by failing to vary downward from the guidelines range based on his personal history and characteristics, and thus requested a sentence of 180 months. Counsel finding no non-frivolous issues has prepared this brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and moves to withdraw as an appeal is wholly without merit in the studied opinion of counsel. Appellant waives oral argument.

i

# **TABLE OF CONTENTS**

SUMMARY AND WAIVER OF ORAL ARGUMENT ........................................... i

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ..................................................................... iii

JURISDICTIONAL STATEMENT ............................................................. 1

STATEMENT OF THE ISSUE ................................................................. 2

STATEMENT OF THE CASE .................................................................. 3

SUMMARY OF THE ARGUMENT ........................................................... 6

ARGUMENT ....................................................................................... 7

   THERE ARE NO ISSUES OF MERIT AND NO NON-FRIVOLOUS
   GROUNDS FOR APPEAL ................................................................... 8

   REVIEW OF THE ENTRY OF PLEA FOR NON-FRIVOLOUS ARGUMENTS
   .................................................................................................... 8

   REVIEW OF SENTENCING AND SENTENCE IMPOSED FOR NON-
   FRIVOLOUS ARGUMENTS ............................................................... 12

      Procedural Reasonableness .......................................................... 13

      Substantive Reasonableness ........................................................ 17

CONCLUSION ................................................................................... 18

CERTIFICATE OF COMPLIANCE ........................................................ 20

CERTIFICATE OF SERVICE .............................................................. 21

ADDENDUM .................................................................................... 22

Appellate Case: 24-2198     Page: 3     Date Filed: 08/14/2024 Entry ID: 5424194

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738 (1967)..................................................... passim

*Blackledge v. Allison*, 431 U.S. 63 (1977).............................................................12

*Douglas v. California*, 372 U.S. 353 (1963)............................................................7

*Gall v. United States*, 522 U.S. 38 (2007) ............................................................17

*Godinez v. Moran*, 509 U.S. 389 (1993)................................................................9

*Penson v. Ohio*, 488 U.S. 75 (1988) .....................................................................7

*United States v. Booker*, 543 U.S. 220 (2005).......................................................16

*United States v. Cline*, 27 F.4th 613 (8th Cir. 2022) ................................................8

*United States v. Dautovic*, 763 F.3d 927 (8th Cir. 2014) ........................................17

*United States v. Green*, 691 F.3d 960 (8th Cir. 2012) .............................................17

*United States v. Jeffries*, 615 F.3d 909 (8th Cir. 2010) ...........................................17

*United States v. Maid*, 772 F.3d 1118 (8th Cir. 2014)............................................17

*United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016).........................................17

*United States v. Ramirez-Jimenez*, 907 F.3d 1091 (8th Cir. 2018) ........................13

*United States v. Razo-Guerra*, 534 F.3d 970 (8th Cir. 2008)..................................14

*United States v. Robison*, 759 F.3d 947 (8th Cir. 2014) .........................................18

*United States v. Shuler*, 598 F.3d 444 (8th Cir. 2010).............................................17

*United States v. Tabor*, 439 F.3d 826 (8th Cir. 2006) ............................................13

**Statutes**

18 U.S.C. § 3553.............................................................................. passim

18 U.S.C. § 3571...................................................................................15

18 U.S.C. § 3572...................................................................................15

Appellate Case: 24-2198    Page: 4    Date Filed: 08/14/2024 Entry ID: 5424194

18 U.S.C. § 924.............................................................................. i

21 U.S.C. § 841.............................................................................. i

21 U.S.C. § 846.............................................................................. i

28 U.S.C. § 1291............................................................................1

**Rules**

Fed. R. Crim. P. 11................................................................. passim

Fed. R. Crim. P. 32............................................................ 13, 14, 15

iv

## JURISDICTIONAL STATEMENT

The District Court has original jurisdiction over this case under 18 U.S.C. § 3231, which provides jurisdiction exclusively in the district courts over offenses against the laws of the United States. The District Court clerk entered a final judgment on the docket on May 22, 2024. (R. Doc. 46), which was amended to modify the forfeiture requirements on May 28, 2024 (R. Doc. 48). Appellant filed a *pro se* notice of appeal that was mailed and docketed on June 12, 2024. (R. Doc. 52-55). The notice was timely within the meaning of Federal Rule of Appellate Procedure 4(b). (R. Doc. 52-55).

This Court's jurisdiction is based on 28 U.S.C. § 1291, which provides jurisdiction in this Court over appeals from the final judgment of a U.S. District Court. Counsel moves to withdraw.

1

## **STATEMENT OF THE ISSUE**

There are no non-frivolous issues for appeal after a full and extensive review of the record.

*Anders v. California*, 386 U.S. 738 (1967)

Counsel having determined that an appeal being wholly without merit, concurrently moves to withdraw in accordance with the procedure set forth in *Anders v. California*, 386 U.S. 738 (1976).

2

# STATEMENT OF THE CASE

## I. The arrest and prosecution of Mr. Bean.

In early 2022, the Columbia Police Department (CPD) received information that Mr. Bean was distributing fentanyl in Columbia, Missouri, dating back to March 2021. (PSR, pg. 7). Subsequent surveillance and investigation revealed Mr. Bean's routine travel to St. Louis for the procurement of fentanyl, which he then distributed upon his return to Columbia. (PSR, pg. 7).

CPD identified a Facebook profile under the username "Willie Dash," which displayed a profile picture matching Mr. Bean's appearance. (PSR, pg. 7). Investigation confirmed Mr. Bean's status as a convicted felon, legally prohibiting him from possessing firearms since his conviction on November 18, 2011. (PSR, pg. 7). The profile featured multiple posts and messages indicating Mr. Bean's active involvement in firearm transactions and drug trafficking. (PSR, pg. 7).

On December 15, 2021, concerned citizens reported to CPD that Mr. Bean was selling fentanyl from his Columbia apartment. (PSR, pg. 7). Subsequent surveillance and confident informant intel substantiated these claims through observations of activities consistent with narcotics transactions. (PSR, pg. 7).

On June 22, 2022, following a traffic stop near his residence, CPD discovered approximately 12.5 grams of fentanyl in Mr. Bean's possession. (PSR,

pg. 9). A search warrant of Mr. Bean's residence was executed, revealing multiple firearms and accessories, heroin, fentanyl, substantial amounts of cash, and drug paraphernalia. (PSR, pg. 9-10).

During a post-Miranda interview, Mr. Bean acknowledged his status as a convicted felon and openly discussed his participation in narcotics distribution. (PSR, pg. 9). He admitted to buying narcotics from sources in St. Louis and Detroit and transporting drugs back to Columbia for distribution purposes. (PSR, pg. 9-10). Mr. Bean also confessed to acquiring firearms locally, including a modified handgun capable of automatic fire. (PSR, pg. 10).

Mr. Bean was arrested on June 22, 2022, in Boone County and later taken into federal custody on October 20, 2022. (PSR, pg. 11). The state charges against him were dismissed on November 14, 2022. (PSR, pg. 11).

## II.    The sentencing hearing of Mr. Bean

On November 30, 2023, Mr. Bean appeared before Chief U.S. Magistrate Judge Willie J. Epps, Jr., and entered a plea of guilty to Counts 1 and 3 of the Superseding Indictment. (R. Doc. 31). Count 1 charges conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B), and 846. (R. Doc. 31, 45-46). Count 3 charges the lesser included offense of possession of a firearm furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

4

(R. Doc. 31, 45-46). As part of the plea agreement, Mr. Bean consented to forfeit all assets subject to forfeiture, including $23,235 in cash discovered during the execution of the search warrant at his residence. (R. Doc. 31, 39; PSR, pg. 5).

Following negotiations, the Government agreed not to seek a sentence of incarceration exceeding 360 months, while Mr. Bean agreed not to seek a sentence of less than 180 months. (R. Doc. 31, 39; PSR, pg. 5). Mr. Bean acknowledged that a sentence ranging from 180 to 360 months would be reasonable under 18 U.S.C. § 3553(a). (R. Doc 39; PSR, pg. 5).

At the conclusion of the hearing, the court sentenced Mr. Bean to 210 months' custody on Count 1. (R. Doc. 46). In addition, Mr. Bean received a mandatory sentence of 60 months on Count 3 of the Superseding Indictment, to be served consecutively to the sentence imposed on Count 1, resulting in a total custody term of 270 months, along with 4 years of supervised release. (R. Doc. 46). Mr. Bean was remanded to the custody of the U.S. Marshal, and the court recommended screening him for placement at a facility as close to Jefferson City or the Mid-Missouri area as possible, in consideration of his family proximity. (R. Doc. 45).

## SUMMARY OF THE ARGUMENT

In accordance with Anders v. California, there is no argument of merit presented and no other non-frivolous issues for appeal.

# ARGUMENT

**Standard of Review**

This brief is filed pursuant to the direction of *Anders v. California*, 386 U.S. 738 (1967). The Constitution, as interpreted by the Supreme Court in *Douglas v. California*, 372 U.S. 353 (1963), guarantees the right of an indigent accused in a criminal case to have the assistance of counsel on appeal. This right, however, does not include an entitlement to have a court-appointed attorney advocate frivolous positions on appeal.

Where counsel concludes that an appeal is frivolous, and the court agrees after an independent review of the record, the court may allow counsel leave to withdraw from representation of the accused. *Anders*, 386 U.S. at 741-42. Pursuant to this procedure, counsel's request to withdraw should state his conclusion that the appeal is frivolous and should be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* at 744.

The brief should be provided to the accused and the accused should be afforded an opportunity to raise any points he so chooses in a *pro se* filing. At that point, the Court should independently examine the record and decide whether the appeal is frivolous. *Penson v. Ohio*, 488 U.S. 75 (1988).

Appellate Case: 24-2198    Page: 12    Date Filed: 08/14/2024 Entry ID: 5424194

If it is concluded by the court that the appeal is in fact frivolous, then it may grant counsel leave to withdraw. If the court concludes that any legal points are "arguable on their merits," then it must deem the appeal non-frivolous, and afford the accused assistance of counsel to argue the appeal. *Id.*

## THERE ARE NO ISSUES OF MERIT AND NO NON-FRIVOLOUS GROUNDS FOR APPEAL

*Anders v. California*, 386 U.S. 738 (1967)
*United States v. Cline*, 27 F.4th 613 (8th Cir. 2022)

Counsel has reviewed the entirety of the record and considered the issues and potential grounds for appeal as more fully set forth herein in arriving at the determination that there are no non-frivolous issues for appeal. As Appellant's conviction was the result of a plea, there are no trial issues to consider; the focus is on the entry of the plea and subsequent sentencing.

An *Anders* brief must inform the court about potential avenues for appeal that were considered by counsel, but ultimately deemed frivolous. Counsel need not advocate frivolous positions and is permitted to explain why those potential arguments are frivolous. *United States v. Cline*, 27 F.4th 613 (8th Cir. 2022). Where an attorney has concluded that an appeal is frivolous, he need not cite material in the record that "arguably" supports the appeal if there is no such material. *Id.*

## REVIEW OF THE ENTRY OF PLEA FOR NON-FRIVOLOUS

8

## **ARGUMENTS**

To comply with *Anders*, the brief in guilty plea cases typically must contain an examination of the validity of the guilty plea. Such an examination is an inquiry into whether the defendant was competent, whether the plea was knowing and voluntary and supported by a factual basis, and whether the district court complied with Federal Rule of Criminal Procedure 11. *See* Fed. R. Crim. P. 11(b).

Counsel therefore reviewed all the following issues relating to the plea agreement and determined there are no non-frivolous arguments related to each:

1. **Competency**: Before a plea can be accepted, the court must determine that the defendant is competent. *Godinez v. Moran*, 509 U.S. 389, 400 (1993). The court so inquired and made a finding that the Appellant was competent. (Plea Hearing Tr. pp. 4-5).

2. **Fed. R. Crim. P. 11(b)(1) – Advising and Questioning the Defendant**: Before the court accepts a plea, the court may place the defendant under oath and must address the defendant informing him of and determining whether he understands the following listed in Fed. R. Crim. P. 11(b)(1)(A)-(O):

    a.    The government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath. Fed. R. Crim. P. 11(b)(1)(A);

    b.    The right to not plead guilty or persist in a not-guilty plea. Fed. R.

9

Crim. P. 11(b)(1)(B);

  c.  The right to a jury trial. Fed. R. Crim. P. 11(b)(1)(C);

  d.  The right to counsel, including court-appointed counsel; trial counsel; and counsel at every other stage of the proceeding. Fed. R. Crim. P. 11(b)(1)(D);

  e.  The right to confront adverse witnesses; the right against compelled self-incrimination; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses. Fed. R. Crim. P. 11(b)(1)(E);

  f.  That defendant waives his right to trial by pleading guilty. Fed. R. Crim. P. 11(b)(1)(F);

  g.  The nature of each charge to which the defendant is pleading. Fed. R. Crim. P. 11(b)(1)(G);

  h.  Any maximum possible penalty, including imprisonment, fine, and term of supervised release. Fed. R. Crim. P. 11(b)(1)(H);

  i.  Any mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(I);

  j.  Any applicable forfeiture. Fed. R. Crim. P. 11(b)(1)(J);

  k.  The court's authority to order restitution. Fed. R. Crim. P. 11(b)(1)(K);

l. The court's obligation to impose a special assessment. Fed. R. Crim. P. 11(b)(1)(L);

m. The court's obligation to calculate Guidelines range and consider that range, possible departures under the Guidelines, and other sentencing factors in 18 U.S.C. § 3553(a). Fed. R. Crim. P. 11(b)(1)(M);

n. The terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. Fed. R. Crim. P. 11(b)(1)(N); and

o. If convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Fed. R. Crim. P. 11(b)(1)(O).

The transcript of the entry of plea hearing demonstrates that the court complied with all necessary warnings and waivers as required by Federal Rule of Criminal Procedure Rule 11, and Appellant understood what rights he was giving up, the nature and consequences of the charges against him, and forfeitures that are applicable under the plea agreement. (Plea Hearing Tr. pp. 5-9).

3. **Voluntariness**: Pursuant to Federal Rule of Criminal Procedure 11(b)(2), the court must determine that the plea was made voluntarily, made free from force, threats, or promises (other than those promises in the plea agreement). The Appellant in open court acknowledged that he was not forced in any way to sign the

11

plea agreement, thus it was made voluntarily in compliance with the Rule. (Plea Hearing Tr. p. 10).

4. **Factual Basis**: Pursuant to Federal Rule of Criminal Procedure 11(b)(3), the court must determine that the plea is supported on a factual basis. Appellant knowingly and intelligently agreed to the plea agreement which Defendant admitted was supported by a factual basis detailed in the plea agreement, thus comporting with the requirements of the Rule. (Plea Hearing Tr. p. 9).

Thus, the transcript of the entry of plea hearing demonstrates the court complied with all legally required warnings, waivers, findings, and determinations for acceptance of a proper plea, including the determination of Appellant's competence, that the plea was not induced by force, and Appellant knowingly and intelligently entered into the agreement supported by a factual basis to which Appellant made admission. The plea complied with Rule 11 of the Federal Rules of Civil Procedure and all other legal requirements. (Plea Hearing Tr. pp. 5-13).

The court in so doing, made a credibility determination. This determination is supported by the record, and therefore will not be disturbed on appeal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

## REVIEW OF SENTENCING AND SENTENCE IMPOSED FOR NON-FRIVOLOUS ARGUMENTS

Counsel has examined the substantive and procedural reasonableness factors, including whether the district court complied with Federal Rule of Criminal Procedure 32 at the sentencing hearing, whether the district court committed any significant procedural error (e.g., failing to calculate appropriate Guideline range, failing to consider 18 U.S.C. § 3553(a) factors, or failing to provide adequate explanation for the imposed sentence and any deviations from the Guidelines range), and whether the sentence is substantively reasonable.

Counsel made no finding of a non-frivolous argument to be presented on appeal related to the sentencing hearing or the imposed sentence.

**Procedural Reasonableness**

Appellant did not object to the PSR, and it was adopted by the court, including relevant calculations, statements of fact, and criminal history score calculations. (Sentencing Hearing Tr. pp. 2-5). The Eighth Circuit permits the district court to adopt any portion of the PSR that is not attacked by a specific objection. *See United States v. Tabor*, 439 F.3d 826, 830 (8th Cir. 2006).

To the degree any argument may be asserted that counsel was ineffective for failing to object to the PSR, such claims are normally not considered on direct appeal, but instead more apt for collateral proceedings. *United States v. Ramirez-Jimenez*, 907 F.3d 1091, 1094 (8th Cir. 2018) (*per curium*).

13

No objections to the PSR were presented for resolution to the sentencing court, thus no error can be ascribed. Objections to the PSR must be "made with specificity and clarity before a district court is precluded from relying on the factual statements contained in the PSR." *United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008) (internal quotations omitted). Any objection must be sufficient to put the government on notice of what the defendant is challenging and provide the government notice as to which specific facts need to be substantiated at the hearing. *Id.*

The court, therefore, did not abuse its discretion in adopting the PSR and relying on its calculations related to the Guideline range, the criminal history category, the penalties that could be imposed, or the factual recitations contained therein which may have been relevant to the imposed sentence. As such, no non-frivolous argument can be made regarding the court's use and adoption of the PSR. The court followed requirements of Rule 32 of the Federal Rules of Criminal Procedure, including:

1.    The PSR's offense level calculation (33 total offense level);

2.    The PSR's criminal history calculation (21 points, category VI);

3.    The PSR's calculated sentencing range (235 to 293 months);

4.    The relevant statutory minimum and maximum penalties (term of

14

imprisonment, supervised release, for each offense), the PSR's fine range (if fine imposed), and findings on fines and Appellant's ability to pay. *See* U.S.S.G. § 5E1.2; 18 U.S.C. §§ 3571. 3572;

5.    The PSR's restitution findings and recommendations (no restitution applicable in this case);

6.    **Disclosure**: Federal Rule of Criminal Procedure 32(e)(2) requires the PSR be timely disclosed prior to sentencing. The PSR was disclosed and reviewed by counsel and Appellant. (Sentencing Hearing Tr. pp. 2-3);

7.    Pursuant to Federal Rule of Criminal Procedure 32(i)(1)(A), the court must verify that defendant and counsel have read and discussed the PSR and any addendum to the PSR. The court complied with this requirement. (Sentencing Hearing Tr. pp. 2-3);

8.    To comply with Federal Rule of Criminal Procedure 32(i)(3)(B), the court must either rule on the objections to the PSR or determine that a ruling is unnecessary. There were no objections to the PSR. (Sentencing Hearing Tr. p. 3);

9.    Federal Rule of Criminal Procedure 32(i)(4)(A) mandates that the court provides counsel with an opportunity to speak on defendant's behalf. Counsel did so;

10.   Federal Rule of Criminal Procedure 32(i)(4)(A) mandates that the court permits defendant to speak or present any information to mitigate the sentence.

15

Appellant did so. (Sentencing Hearing Tr. pp. 17-18);

11.     The court must treat Guideline ranges as advisory. *United States v. Booker*, 543 U.S. 220 (2005). The court did so. (Sentencing Hearing Tr. pp. 20-21);

12.     Federal Rule of Criminal Procedure 32(j)(i) requires that the court advises defendant of any right to appeal. This advice was given. (Sentencing Hearing Tr. p. 23);

13.     The court must provide an oral explanation for the sentence imposed. 18 U.S.C. § 3553(c). The court did so. (Sentencing Hearing Tr. pp. 20-22);

14.     Where the court imposes a non-Guideline sentence, the court must provide a written statement of reasons as required by 18 U.S.C. § 3553(c)(2). The sentence imposed was within the guideline range; and

15.     Written judgment must correctly set forth plea, offense(s) of conviction, and sentence (in conformity with oral sentence) to comply with Federal Rule of Criminal Procedure 32(k). The written judgment filed of record accurately reflects the sentence imposed.

Having fully reviewed and considered each of the foregoing issues, no non-frivolous issues were found for appellate review, and the record reflects that the court fully complied with procedural and legal mandates applicable to determination of the

Appellate Case: 24-2198     Page: 21     Date Filed: 08/14/2024 Entry ID: 5424194

imposed sentence as set forth in the transcript of the sentencing hearing. (Sentencing Hearing Tr. pp. 1-24).

**Substantive Reasonableness**

<u>Standard of Review</u>

Appellant's sentence is reviewed for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *United States v. Jeffries*, 615 F.3d 909, 910 (8th Cir. 2010). This is equivalent to abuse of discretion review. *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) ("We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard."); *see also Gall v. United States*, 522 U.S. 38, 41 (2007). This "narrow and deferential" review means that only an "unusual case" will warrant a finding of substantive unreasonableness. *United States v. Maid*, 772 F.3d 1118, 1121 (8th Cir. 2014) (citing *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010)). Substantive reasonableness review is not a "hollow exercise." *United States v. Martinez*, 821 F.3d 984, 989-90 (8th Cir. 2016). An extreme sentence that reflects an "unreasonable weighing" of the relevant sentencing factors is subject to correction on appeal. *United States v. Dautovic*, 763 F.3d 927, 934-35 (8th Cir. 2014).

"A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to

17

an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Robison*, 759 F.3d 947, 950-51 (8th Cir. 2014). A sentence imposed within the advisory guidelines range is presumptively substantively reasonable. *Id.* at 950.

Counsel's Review of Substantive Reasonableness

After full and complete review of the record, transcripts, plea colloquy, sentencing hear, and the PSR, there are no non-frivolous issues for appeal related to the substantive reasonableness of the Appellant's sentence. Appellant's imposed sentence was below the statutory maximum and within the recommended guideline range. Because his sentence was within the advisory guideline range, Appellant's sentence is presumed to be substantively reasonable pursuant to *Robison*. There are no facts in the record to allege that the sentence imposed was substantively unreasonable, any claim asserting such would be frivolous.

## CONCLUSION

Upon the determination that there are no non-frivolous issues for appeal and the appeal is wholly without merit, counsel will serve a copy of the brief upon the Appellant to allow for a *pro se* response. Thereafter, following an independent review by the court, if the court determines there are no non-frivolous issues, counsel would request that his motion to withdraw having been filed

18

contemporaneously herewith be granted and that he be allowed to withdraw from

the matter in accordance with *Anders v. California*, 386 U.S. 738 (1967).


Respectfully submitted,

s/ Jeffrey L. Hilbrenner
Jeffrey L. Hilbrenner
Harper, Evans, Hilbrenner & Netemeyer
401 Locust Street, Suite 401
Columbia, Missouri 65201
(573) 442-1660

ATTORNEY FOR APPELLANT

19

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3682 words. I further certify this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365, version 2405, Times New Roman Font Face in Font size 14. Trend Micro Apex, version 14, file system auto protection is enabled on all workstations to ensure all files are virus free.

s/Jeffrey L. Hilbrenner

Jeffrey L. Hilbrenner

20

## **CERTIFICATE OF SERVICE**

It is hereby CERTIFIED that on this 6th day of August 2024, the foregoing was electronically submitted with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

I hereby certify that one copy of the appellant's brief and addendum were mailed on this 6th day of August 2024 to:

Robert Jevon Bean
FEDERAL TRANSFER CENTER
P.O. Box 898801
Oklahoma City, OK 73189-8801

Melissa Ann Pierce
U.S. ATTORNEY'S OFFICE
Western District of Missouri
80 Lafayette Street, Suite 2100
Jefferson City, MO 65101


s/Jeffrey L. Hilbrenner

Jeffrey L. Hilbrenner

Appellate Case: 24-2198    Page: 26    Date Filed: 08/14/2024 Entry ID: 5424194

## **ADDENDUM**

FINAL JUDGMENT APPEALED FROM WHICH RELIEF SOUGHT R. DOC. 46
dated May 22, 2024……………………………………………...…pages 1-7

AMENDED JUDGMENT TO MODIFY FORFEITURE SECTION R. DOC. 48
dated May 28, 2024…………………………………………………..pages 1-7

(Attached to paper brief, will be filed separately electronically)

Appellate Case: 24-2198    Page: 27    Date Filed: 08/14/2024 Entry ID: 5424194